# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAHMARI DENT,<br><br>Defendant | Criminal No. 25cr10362<br><br>Violations:<br><br>Count One: Sex Trafficking of a Child (18 U.S.C. §§ 1591(a)(1), (b)(2) and (c))<br><br>Count Two: Transportation of a Minor with Intent to Engage in Criminal Sexual Activity (18 U.S.C. § 2423(a))<br><br>Count Three: Transportation to Engage in Prostitution (18 U.S.C. § 2421(a))<br><br>Count Four: Felon in Possession of Firearm (18 U.S.C. § 922(g)(1))<br><br>Sex Trafficking Forfeiture Allegation: (18 U.S.C. § 1594(d))<br><br>Transportation Forfeiture Allegation: (18 U.S.C. § 2428(a)<br><br>Firearm Forfeiture Allegation: (18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)) |

## INDICTMENT

### COUNT ONE
Sex Trafficking of a Child
(18 U.S.C. §§ 1591(a)(1), (b)(2), and (c))

The Grand Jury charges:

From in or around March 2025 and continuing to in or around April 2025, in the District of Massachusetts, the District of New Jersey, the Eastern District of Pennsylvania, and elsewhere, the defendant,

1

JAHMARI DENT,

did knowingly, in and affecting interstate and foreign commerce, recruit, entice, harbor, transport, provide, obtain, advertise, maintain and solicit by any means Victim 1, a person known to the Grand Jury who had not attained the age of 18 years, having had a reasonable opportunity to observe Victim 1, and knowing and, except where advertising, in reckless disregard of the fact that Victim 1 had not attained the age of 18 years and would be caused to engage in a commercial sex act.

All in violation of Title 18, United States Code, Sections 1591(a)(1), (b)(2), and (c).

## COUNT TWO
Transportation of a Minor with Intent to Engage in Criminal Sexual Activity
(18 U.S.C. § 2423(a))

The Grand Jury further charges:

On or about April 11, 2025, in the District of Massachusetts, the District of New Jersey, and elsewhere, the defendant,

### JAHMARI DENT,

did knowingly transport Victim 1, a person known to the Grand Jury who had not attained the age of 18 years, in interstate commerce, that is, between New Jersey and Massachusetts, with the intent that Victim 1 engage in prostitution and in any sexual activity for which any person can be charged with a criminal offense.

All in violation of Title 18, United States Code, Section 2423(a).

## COUNT THREE
Transportation to Engage in Prostitution
(18 U.S.C. § 2421(a))

The Grand Jury further charges:

On or about April 11, 2025, in the District of Massachusetts, the District of New Jersey, and elsewhere, the defendant,

## JAHMARI DENT,

did knowingly transport Victim 1, Victim 2, and Victim 3, persons known to the Grand Jury, in interstate commerce, that is, between New Jersey and Massachusetts, with the intent that Victim 1, Victim 2, and Victim 3 engage in prostitution and in any sexual activity for which any person can be charged with a criminal offense.

All in violation of Title 18, United States Code, Section 2421(a).

## COUNT FOUR
Felon in Possession of Firearm
(18 U.S.C. § 922(g)(1))

The Grand Jury further charges:

On or about April 15, 2025, in Quincy, in the District of Massachusetts, and elsewhere, the defendant,

JAHMARI DENT,

knowing that he was previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, a firearm, that is, a CZ P-09 .40 caliber semiautomatic pistol with serial number B420999.

All in violation of Title 18, United States Code, Section 922(g)(1).

5

## SEX TRAFFICKING FORFEITURE ALLEGATION
(18 U.S.C. § 1594(d))

1.      Upon conviction of the offense in violation of Title 18, United States Code, Section 1591, set forth in Count One, the defendant,

JAHMARI DENT,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1594(d): (1) the defendant's interest in any property, real or personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of such offense, and any property traceable to such property; and (2) any property, real or personal, which constitutes or is derived from any proceeds the defendant obtained, directly or indirectly, as a result of such offense, and any property traceable to such property.

2.      If any of the property described in paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 1594(d), as a result of any act or omission of the defendant–

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

6

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in paragraph 1 above.

All pursuant to Title 18, United States Code, Section 1594(d).

## TRANSPORTATION FORFEITURE ALLEGATION
(18 U.S.C. §, 2428(a))

1.  Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Sections 2423 and 2421, set forth in Counts Two and Three, the defendant,

JAHMARI DENT,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2428(a), any property, real or personal, used or intended to be used to commit or to facilitate the commission of such offenses, or any property, real or personal, that constitutes or is derived from proceeds obtained, directly or indirectly, as a result of such offenses.

2.  If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section2428(a), as a result of any act or omission of the defendant–

    a.  cannot be located upon the exercise of due diligence;
    b.  has been transferred or sold to, or deposited with, a third party;
    c.  has been placed beyond the jurisdiction of the Court;
    d.  has been substantially diminished in value; or
    e.  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in paragraph 1 above.

All pursuant to Title 18, United States Code, Section 2428(a).

8

## FIREARM FORFEITURE ALLEGATION
(18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c))

The Grand Jury further finds:

1. Upon conviction of the offense in violation of Title 18, United States Code, Section 922, set forth in Count Four, the defendant,

JAHMARI DENT,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any knowing commission of the offense. The property to be forfeited includes, but is not limited to, the following: a CZ P-09 .40 caliber semiautomatic pistol with serial number B420999.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461.

A TRUE BILL

FOREPERSON

BRIAN A. FOGERTY
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: September 9, 2025
Returned into the District Court by the Grand Jurors and filed.

DMKing 12:50pm
DEPUTY CLERK

10